IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STEVEN E. EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14CV788 |
| | ) | 1:05CR265-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner who has unsuccessfully pursued relief under 28 U.S.C. § 2255 and other statutes or rules on multiple occasions in the past, has submitted an application for habeas corpus, purportedly under 28 U.S.C. § 2241. However, petitions pursuant to § 2241 generally challenge the execution or computation of the conviction or sentence, rather than the validity or legality of the conviction or sentence. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Petitioner's present claim does not present a challenge to the execution of his sentence, but instead focuses on the legality of Petitioner's sentence.

Pursuant to the "savings clause" of 28 U.S.C. § 2255, relief pursuant to § 2241 may be available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of their detention. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). However, § 2255 is not

inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Id. (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999); Vial, 115 F.3d at 1194 n.5). A contrary rule would effectively nullify the gatekeeping provisions of § 2255. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)). The circumstances in which the savings clause applies are limited. Under Jones, Petitioner must show that (1) at the time of his conviction, the settled law of the applicable circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted was deemed not to be criminal; and (3) he could not satisfy the gatekeeping provisions of § 2255 because the new rule was not one of constitutional law. Jones, 226 F.3d at 333-34. Such a showing demonstrates that § 2255 is inadequate or ineffective. Id.

Petitioner has failed to show that he satisfies the elements necessary to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. In fact, his arguments are the same as or similar to unsuccessful arguments that he raised in the past. Thus, despite its label, his submission is simply another successive § 2255 Motion which this Court does not have jurisdiction to consider. This case should be dismissed without prejudice to Petitioner pursuing his claims by filing a successive § 2255 Motion if he is able to receive permission to do so from the United States Court of Appeals for the Fourth Circuit.

IT IS THEREFORE RECOMMENDED that this action be filed and then dismissed *sua sponte* for Petitioner's failure to seek certification for a second or successive § 2255 motion by filing a Motion for Authorization in the Court of Appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

IT IS ORDERED that the Clerk send Petitioner a copy of this Recommendation and instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the Court of Appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 8th day of January, 2015.

                                          /s/ Joi Elizabeth Peake
                                          United States Magistrate Judge